IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AARON W. P.,[1]                                6:17-cv-01464-BR

         Plaintiff,                            OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

         Defendant.


**KATHERINE L. EITENMILLER**
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR 97401
(541) 686-1969

         Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

---

         [1]  In the interest of privacy and pursuant to the
recommendation of the Judicial Conference of the United States,
this Opinion and Order uses only the first name and the initial
of the last name of the nongovernmental parties.  The same
designation will be used to identify nongovernmental parties'
family members if named in this case.

1 - OPINION AND ORDER

(503) 727-1003
**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH MOUM**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2936

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Aaron W. P. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner in this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his initial application for DIB benefits on June 21, 2013. Tr. 378.[2] Plaintiff alleged a disability onset date of April 11, 2013. Plaintiff's application was denied initially and on reconsideration. An Administrative

---

[2] Citations to the official transcript of record filed by the Commissioner on March 8, 2018, are referred to as "Tr."

Law Judge (ALJ) held a hearing on August 20, 2015. Tr. 411-64. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On October 5, 2015, the ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits. Tr. 378-90.

On August 10, 2016, Plaintiff requested review of the hearing decision by the Appeals Council.[3]

On July 18, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On September 18, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on April 6, 1963, and was 50 years old on his alleged disability onset date. Tr. 389. Plaintiff has a General Education Diploma (GED). Tr. 417. The ALJ found

---

[3] Unbeknownst to Plaintiff, his previous attorney did not file a request for review of the hearing decision within 60 days of the decision. This fact was not discovered until Plaintiff obtained new counsel. The Commissioner construed correspondence from new counsel dated August 10, 2016, as a request for review and deemed it timely under the circumstances.

Plaintiff is unable to perform any past relevant work as a
carpenter.  Tr. 388.

Plaintiff alleges disability due to PTSD, hypertension,
osteoarthritis, anxiety, depression, panic attacks, right knee
impairment, bilateral-shoulder impairment, and left-eye
impairment.  Tr. 465-66.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 380-88.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**<u>DISABILITY ANALYSIS</u>**

**I.    The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since April 11, 2013, his alleged date of disability onset.  Tr. 380.

At Step Two the ALJ found Plaintiff has the severe impairments of PTSD, depression, obesity, bilateral rotary-cuff impingement, and right-knee osteoarthritis.  Tr. 380.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 381.  The ALJ found Plaintiff has the RFC to perform light exertion work with the following limitations: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand, walk, and sit about six hours in an eight-hour workday; reach overhead bilaterally occasionally; climb ramps and stairs frequently; never climb ladders, ropes, and scaffolds; stoop, kneel, crouch, and crawl occasionally; and not have any exposure to unprotected heights or moving mechanical parts.  The ALJ also concluded Plaintiff can perform simple, routine tasks with brief and occasional interactions with the public; can work outdoors or in large spaces such as loading docks or large warehouses or buildings; and is unable to work in small, enclosed spaces.  Tr. 383-84.

At Step Four the ALJ concluded Plaintiff is not able to

perform his past relevant work.  Tr. 388.

At Step Five the ALJ found Plaintiff could perform other work in the national economy in light of Plaintiff's age, education, work experience, and RFC.  Tr. 389-90.  The ALJ cited three examples of such work that the VE identified:  "laminating-machine offbearer," assembly-machine tender, and bakery worker. Tr. 389-90.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 390.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony; (2) failed to provide substantial evidence to reject the medical opinions of John Gardin, Ph.D., and Pamela Roman, Ph.D.; and (3) gave less than "great weight" to the Veteran's Administration (VA) determination that Plaintiff is disabled.

## I.   The ALJ did not err when he found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### A.   Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or

symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant is not required to show that his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible

are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

## B.  Analysis

The ALJ discounted Plaintiff's testimony regarding his symptoms on the grounds that Plaintiff's testimony was "considerably inconsistent" with statements to the Social Security Administration and to his treating or examining physicians.  Tr. 384.

Plaintiff testified in April 2013 that he had two PTSD-related "triggering incidents" that prevented him from returning to his employment.  Tr. 423-425.  The first was an altercation during which Plaintiff wanted to, but did not, physically assault a co-worker.  The second incident involved an altercation with another passenger on a bus.  Plaintiff testified after these incidents he was unable to return to work because of his concerns about his PTSD and his ability to control his anger without harming others.  Plaintiff testified his employer terminated him because he wouldn't return to work.  Tr. 425.  Plaintiff also testified he applied for counseling through the VA regarding this issue.  Tr. 426-27.

The ALJ, however, noted Plaintiff reported in May 2013 to VA medical staff that he was retiring "because of his

shoulders." Tr. 664-65. The ALJ also noted Plaintiff declined
to complete PTSD screening questions in September 2013 as part of
preventative health and counseling with the VA, and a nurse
practitioner noted Plaintiff did not have any "mental health
condition requiring further intervention." Tr. 658, 660. The
ALJ further noted in October 2013 Plaintiff told Dr. Roman, an
examining psychologist, that he was fired for arriving at work
with a hangover. Tr. 712. In December 2013 Plaintiff made the
same statement regarding his termination to Dr. Gardin, the VA
psychologist evaluator. Tr. 775.

Although Plaintiff contends these inconsistencies are
unrelated directly to his symptom testimony, Plaintiff also made
inconsistent statements about the reason he was no longer able to
work while he was reporting his symptoms. Evidence of
inconsistent reporting supports a finding that Plaintiff's
allegations are not fully credible. *See Burch v. Barnhart*, 400
F.3d 676, 680 (9th Cir. 2005).

Plaintiff also told Dr. Gardin in December 2013 that he
was missing work two or three days a month due to panic attacks.
Tr. 775. The ALJ, however, discounted Plaintiff's allegation of
such attacks and noted Plaintiff did not mention panic attacks
when he saw Dr. Roman two months earlier. Tr. 385, 711-17. The
ALJ also noted Plaintiff did not report panic or anxiety attacks
during an October 2014 mental-health assessment nor do

Plaintiff's medical records support such allegations.  Tr. 385, 950-53.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## II.  The ALJ properly evaluated the medical opinions of the examining psychologists.

Plaintiff contends the ALJ erred when he discounted the medical opinions of Drs. Gardin and Roman, both examining psychologists.

### A.  Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).  Specifically, the court must "distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor

13 - OPINION AND ORDER

treat the claimant (nonexamining physicians)." *Garrison*, 759
F.3d at 1012. "As a general rule, more weight should be given to
the opinion of a treating source than to the opinion of doctors
who do not treat the claimant." *Id.* Although the opinion of a
treating physician is entitled to greater weight than that of an
examining physician, the opinion of an examining physician is
entitled to greater weight than that of a nonexamining physician.
*Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining
physician's testimony depends 'on the degree to which [he]
provide[s] supporting explanations for [his] opinions.'" *Id.*
(quoting 20 C.F.R. § 404.1527(d)(3)).

     "If a treating or examining doctor's opinion is contradicted
by another doctor's opinion, an ALJ may only reject it by
providing specific and legitimate reasons that are supported by
substantial evidence." *Id.* Even when contradicted, a treating
or examining physician's opinion is still owed deference and will
often be "entitled to the greatest weight . . . even if it does
not meet the test for controlling weight." *Orn v. Astrue,* 495
F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the
"substantial evidence" requirement by "setting out a detailed and
thorough summary of the facts and conflicting clinical evidence,
stating his interpretation thereof, and making findings."
*Reddick,* 157 F.3d at 725. "The ALJ must do more than state
conclusions. He must set forth his own interpretations and

explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

## B.    Analysis

Plaintiff contends the ALJ failed to provide specific and legitimate reasons for rejecting the medical opinions of Drs. Gardin and Roman.

### 1.    Dr. Gardin

In May 2013 Plaintiff filed a claim for increased disability benefits with the VA.  Tr. 611.  The VA referred Plaintiff to Dr. Gardin for evaluation.  Tr. 772-79.

Dr. Gardin stated in his December 2013 report that Plaintiff meets the diagnostic criteria for major depressive disorder and continues to meet the criteria for PTSD.  Tr. 779. Dr. Gardin noted:

> [Plaintiff's] panic attacks have significantly increased, both in frequency and intensity, since his last examination.  These panic attacks are directly related to his identified trauma so are contained within his diagnosis of PTSD. [Plaintiff's] panic attacks are in effect debilitating, preventing him from leaving home.
>
> . . . .  [H]is panic attacks specifically, render [him] unable to seek or maintain substantially gainful employment at this time."

Tr. 779.

Based in part on Dr. Gardin's examination, the VA revised its previous rating decision and determined Plaintiff was 100% disabled based on his PTSD and major depressive disorder

(MDD).  Tr. 611-15.

        The ALJ discounted Dr. Gardin's opinion on the grounds
that it was inconsistent with the medical records; Dr. Gardin
only had a single contact with Plaintiff; and Plaintiff's own
reporting of his symptoms was not entirely credible.  Tr. 385-86.
In addition, Dr. Gardin found Plaintiff's panic attacks prevented
Plaintiff from leaving his home, but the ALJ noted Plaintiff
engaged in group therapy and physical therapy despite his claim
that he was unable to be in enclosed spaces or to leave his home
and the therapy records do not indicate any such symptoms or
limitations.  Tr. 385-86.

        The medical records reflect Plaintiff has some acute
anxiety with certain exposures, but a PTSD examination in 2010
reflected Plaintiff "does not have panic attacks that come on
with no warning."  Tr. 385.  The ALJ also pointed out that
Plaintiff did not report panic or anxiety attacks during an
October 2014 mental-health examination nor were panic attacks
raised as an issue in Plaintiff's treatment records.  Tr. 385,
950-54.  An ALJ may afford less weight to a medical opinion that
is inconsistent with the overall medical record.  *See Tommasetti
v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

        On this record the Court concludes the ALJ did not err
when he discounted Dr. Gardin's opinion because the ALJ provided
specific and legitimate reasons supported by substantial evidence

in the record for doing so.

### 2.  Dr. Roman

In October 2013 Dr. Roman did a psychodiagnostic
examination of Plaintiff.  Tr. 711-17.  Dr. Roman concluded
Plaintiff meets the criteria for PTSD and depression.  Although
Dr. Roman noted Plaintiff scored in the low-average range for
attention and concentration, she also indicated it was likely
that he can understand and remember complicated instructions.
Tr. 716.  Dr. Roman concluded:  "At this time it would be
difficult for [Plaintiff] to maintain attention and concentration
throughout a normal work week and work day without decompensating
both physically and emotionally."  Tr. 716-17.  Dr. Roman also
concluded Plaintiff is "reactive around authority figures" and
"if he felt threatened would be at risk for violence."  Tr. 716-
17.

The ALJ gave "limited weight" to Dr. Roman's opinion on
the ground that she also relied "too heavily" on Plaintiff's own
reporting of his symptoms and that she was not qualified to
"comment on the impact of physical impairments."  Tr. 387.

Plaintiff concedes the ALJ may discount Dr. Roman's
opinion to the extent that it is based on Plaintiff's self-
reported physical symptoms, but Plaintiff contends this does not
apply to Dr. Roman's opinion regarding Plaintiff's mental illness
and his "reactive" nature around authority figures and that he is

disabled due to those limitations.  Pl.'s Br. at 13-14 (#14).

Defendant, in response, contends Dr. Roman did not conclude Plaintiff would have anger outbursts or make threats of violence and did not assess any specific limitation regarding Plaintiff's ability to interact with authority figures.

Although Plaintiff noted in his Function Report that he did not have any problems getting along with family, friends, neighbors, and others (Tr. 584), Plaintiff testified at the hearing that the reason he did not return to work after the "triggering" incidents was because he was concerned about his ability "to control himself" and afraid he was "going to hurt somebody."  Tr. 424-25, 439.  Dr. Roman noted in her report that "[Plaintiff] has been violent primarily in self-defense but if he felt threatened would be at risk for violence."  Tr. 717.  At the hearing the VE testified there would be "very little tolerance" for a person subject to outbursts of anger on the job, including threats of violence, and "if it were to happen even twice a month, the person would become unemployable very rapidly."  Tr. 462-63.

Although the ALJ included in his evaluation of Plaintiff's RFC a limitation for "brief and occasional interactions with the public" (Tr. 384), Plaintiff fails to show how the ALJ's decision is inconsistent with Dr. Roman's assessment.

18 - OPINION AND ORDER

On this record the Court concludes the ALJ did not err
when he discounted Dr. Roman's opinion because the ALJ provided
specific and legitimate reasons supported by substantial evidence
in the record for doing so, and, in any event, Plaintiff has
failed to show any harmful error as a result of the ALJ's
decision.

**III. The ALJ did not err when he did not give "great weight" to the VA's disability determination.**

Plaintiff contends the ALJ failed to give "great weight" to
the VA's determination that Plaintiff is disabled as required by
*McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

The Commissioner, however, contends the ALJ's evaluation of
the VA's disability determination is supported by substantial
evidence in the record.

**A.    Standard**

A Social Security disability determination is similar
to a VA disability determination in that both are made by federal
agencies that provide benefits to those who cannot work due to
disability.  *McCartey,* 298 F.3d at 1076.  "[A]lthough a VA rating
of disability does not necessarily compel the SSA to reach an
identical result, 20 C.F.R. § 404.1504, the ALJ must consider the
VA's finding in reaching his decision."  *Id.*  An ALJ ordinarily
must give "great weight" to a VA determination of disability.  An
ALJ, however, is not compelled to reach an identical result.  *Id*.
*See also* 20 C.F.R. § 404.1504 ("A decision by any . . . other

19 – OPINION AND ORDER

governmental agency about whether you are disabled . . . is based on its rules and is not our decision. . . . We must make a . . . determination based on social security law. Therefore, a determination made by another agency . . . is not binding on us."). If the ALJ gives less than "great weight" to a VA disability determination, however, he must provide "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076.

B. **Analysis**

Plaintiff was previously determined to be 70% disabled for service-connected PTSD. Tr. 613. The VA determined in December 2013 that Plaintiff was 100% disabled as of May 2013 due to service-connected PTSD with secondary major depressive disorder. Tr. 611-15. Plaintiff contends there is not any evidence in the current record by an examining or treating physician that contradicts the VA's conclusion regarding Plaintiff's disability.

Although the ALJ cited *McCartey* in his opinion, he gave "little weight" to the VA's disability decision because it "was based on a one-time contact" by Dr. Gardin with Plaintiff, was merely "a list of symptoms and functional limitations," and "is simply not corroborated by the treatment record." Tr. 386. The ALJ stated: "The VA criteria do not assess what the [Plaintiff] is capable of despite his severe impairments . . . and there is

no direct correlation between the assessed percentage and functional limitations. . . . [T]he medical record does not establish functional limitations amounting to an inability to sustain full time work activity within the parameters of the residual functional capacity." Tr. 386. For example, the VA determination indicated Plaintiff experienced panic attacks more than once a week. Tr. 613. The ALJ, however, noted Plaintiff engaged in group therapy and physical therapy despite his claim that he was unable to be in enclosed spaces or to leave his home, and the therapy records do not indicate any such symptoms or limitations. Tr. 386. The VA also determined Plaintiff had "intermittent inability to perform maintenance of minimal personal hygiene." Tr. 613. The ALJ, however, noted there was not any evidence in the record to support the VA's finding, and, in fact, Dr. Gardin noted Plaintiff had "good hygiene." Tr. 386, 778.

On this record the Court concludes the ALJ provided "persuasive, specific, [and] valid reasons" for not giving "great weight" to the VA's disability determination. Accordingly, the Court concludes the ALJ did not err when he did not give "great weight" to the VA's disability determination.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 19th day of October, 2018.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge